(Decided December 19th, 1862.)

---

RICHARD HARDESTY *vs.* JOHN HARRIS.

In an action by the endorser of a promissory note against the maker, the defence being that the note was given for accommodation and without consideration, evidence was offered on the part of the defendant, by the party to whom said note was given, that it was for accommodation and without consideration, and was delivered by him to the plaintiff to be discounted

for the co-partnership use of the plaintiff and witness; and to further establish the existence of said co-partnership, letters from the plaintiff to the witness were offered in evidence and objected to by the plaintiff—HELD: That such letters, though they may not have been of themselves sufficient to establish the fact of a partnership, were admissible to corroborate and sustain the evidence before offered for that purpose.

Where, under the circumstances above set forth, a witness was called on the part of the plaintiff to show that the defendant's witness had been acting in the capacity of broker for the plaintiff, by proving that certain papers offered in evidence by the defendant, and explained by his said witness, were made out in the form of brokers' statements to persons offering paper for discount, such evidence was properly excluded by the Court below.

To further discredit the defendant's witness, evidence having been adduced that the plaintiff was "a man of decided capital, and his note always negotiable," and that he kept money at interest with the firm of the witness, the plaintiff proposed to ask the witness whether the plaintiff could not have obtained from the witness' firm, at the date of the note sued upon, the amount of the note, and if his credit and standing were not such as to enable him to procure that amount on his own note? The question having been objected to, it was—HELD: That said objection was properly sustained in the Court below.

APPEAL from the Court of Common Pleas of Baltimore city.

This was an action brought on the 6th of October 1858, by the appellant, against the appellee as maker of a promissory note for $200, payable at sixty days, and dated the 13th of July 1858. The case is stated in the opinion of this Court. The verdict of the jury and judgment being for the defendant below, the plaintiff appealed.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*George H. Williams*, for the appellant:

The Court was the sole judge of the meaning and construction of the letters referred to in the 1st exception; and as they do not on their face prove a partnership, nor tend

to prove it, and were offered solely for that purpose, they should have been excluded from the jury. *Williams vs. Woods, et al.*, 16 *Md. Rep.*, 251. *Green vs. Caulk, Id.*, 578. As the said letters referred to other written papers, they also should have been produced, to have rendered the whole intelligible.

In support of the second exception, we say that the veracity of Moore, the defendant's witness, being a matter directly in issue before the jury, he having made certain statements as to the papers referred to in this exception, the evidence of the witness, Smith, should have been admitted to explain the ambiguity of those papers, and what they meant according to the custom of note brokers, and to falsify the statements of Moore.

*3rd Exception.* Still further to contradict Moore, the witness for the defence, and especially so much of his testimony as relates to the pretended borrowing of the note in question, to be discounted for the joint use of the appellant and himself, the plaintiff produced George W. Howard, a merchant, who testified that he had known the plaintiff for twenty-four or twenty-five years, that he was a man of decided capital, and his note always negotiable, and that he kept money at interest with the firm of the witness. The plaintiff then proposed to ask the witness the question, whether in the month of July 1858, the time at which it was pretended the note was borrowed, the plaintiff could have obtained that amount from the firm of which he was a member, and if his credit and standing was not such as to enable him to procure that amount of money on his own note? The question was objected to, and the objection sustained by the Court. Now we say that the veracity of Moore being assailed by other proof in the cause, it was competent to add to the proof discrediting him, the evidence sought to be elicited by the question, as tending to render the statements of said Moore highly improbable.

The question asked was a most pertinent and proper one, and should have been permitted.

*Wm. A. Stewart,* for the appellee:

1st. The ruling of the Court below was correct, as the letters objected to certainly related to the question then before the Court, and in connection with the other evidence, ought to have been admitted. *Marshall vs. Haney,* 4 *Md. Rep.,* 498. *Pegg vs. Warford,* 7 *Md. Rep.,* 582. *Carroll vs. Ridgaway,* 8 *Md. Rep.,* 328. There is no error in over-ruling an objection to testimony in mass, any portion of which is admissible. *Budd vs. Brooke, et al.,* 3 *Gill,* 220. *Waters vs. Dashiell,* 1 *Md. Rep.,* 474. *Gaither vs. Martin,* 2 *Md. Rep.,* 156. *Emory & Gault vs. Owings & Griffith,* 3 *Md. Rep.,* 185. *Nailor vs. Bowie,* 3 *Md. Rep.,* 256. *Wright, &c., vs. Brown,* 5 *Md. Rep.,* 37. *Hatton vs. Mc-Clish,* 6 *Md. Rep.,* 407. *Morrison vs. Whiteside,* 17 *Md. Rep.,* 458.

2nd. The testimony of Smith was properly overruled, because be had no knowledge of the papers examined by him, and knew nothing of the transactions between the parties, and such a mode of attack on the credibility of a witness it is believed, is not recognized by any legal authorities. 2 *Phil. Ev., p.* 955. 1 *Greenleaf Ev., sec.* 461. *Steuart vs. Williams,* 3 *Md. Rep.,* 425.

3rd. The testimony of Howard was inadmissible, as it was not pretended that Hardesty was not a man of means, or that he could not have borrowed from Howard at that time; in fact, for years previously, he was a man of good credit, and yet he did not hesitate to borrow from the witness, Moore, when he wanted to make good his account at bank; but the objection to the testimony of Howard was waived, and whatever benefit the appellant could derive from it, he obtained in argument before the jury after this waiver.

COCHRAN, J., delivered the opinion of this Court:

This suit was brought by the appellant, for the purpose of recovering the amount of a promissory note, of which the appellee was the maker. The defence was, that the note upon which the suit was brought, was made for accommodation, and without consideration.

At the trial the appellee executed a release to David Moore, who obtained the note, and then proved by him that the note was made and delivered to the witness without any consideration and for his accommodation, and that the witness in like manner delivered it to the appellant for the purpose of obtaining the proceeds through a discount to be procured by him for their co-partnership use, in the purchase of other paper. Then, for the purpose of further showing the co-partnership between the appellant and the witness, and to corroborate his testimony in reference thereto, the appellee offered in evidence certain letters from the appellant to the witness, the admission of which, after objection made by the appellant, constitutes his 1st exception.

The grounds upon which the admission of these letters was objected to, were that certain notes to which the letters referred were not produced, and that the letters did not tend to prove a partnership between the witness, Moore, and the appellant. In considering this evidence, it is proper to observe that the appellee had proved by his witness a co-partnership between the witness and the appellant, that the note in question had been placed in the appellant's hands as a borrowed note, to be used for their joint benefit, and that the letters were offered in connection with that evidence for the purpose of more fully establishing the fact of the partnership. The letters were not offered to show the particular character of the transactions to which they refer, but to prove the relations between the appellant and the witness, and that they had a joint interest in a course of dealing with other parties consonant with that alleged

41      v. 19

by the witness in his testimony. In that view, the notes mentioned in the letters were neither material nor pertinent to the issue, nor was their production necessary to constitute the letters evidence of the fact intended to be proved by them. The letters evidently tend in some degree to show that the appellant and witness were jointly interested in the matters to which they relate, and though they may not of themselves have been sufficient to establish the fact of a partnership, we think they were properly admitted to corroborate and sustain the testimony before offered for that purpose.

The 2nd exception was taken to the refusal of the Court to admit the evidence of Smith, a note broker, to show that Moore was acting in the capacity of a broker for the appellant, by proving that the papers A, B and C, offered in evidence by the appellee, and explained by the witness, Moore, were made out in the form or manner of brokers' statements to persons offering paper for discount. These papers, on their face, show nothing but initial letters and columns of figures, which, without explanation of their particular use, would seem to have but little signification or meaning. The witness of the appellee, however, identified these papers, and explained them as statements of the amounts and discounts of certain notes passed by him to the appellant on their joint account, and it is difficult to perceive how the particular purpose or use of the papers, as thus ascertained, could be affected or changed, or any foundation for a contrary inference laid by the proposed testimony of the appellant's witness. The evidence of Smith, had it been admitted, would only have shown an independent fact, collateral and not pertinent, and which could have had no effect in either impeaching the appellee's witness, or in contradicting his evidence. This objection applies with equal force to the evidence contained in the 3rd exception, and for that reason a separate consideration of it becomes unnecessary.

We think the evidence, to the rejection of which the 2nd and 3rd exceptions were taken, was irrelevant, and that it was properly excluded.

Finding no error in the rulings of the Court below, the judgment will be affirmed.

*Judgment affirmed.*